**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Javier DE LA PENA, Defendant–Appellant.**

No. 06–50450
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 22, 2007.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Roberto L. Rodriguez, Law Offices of Roberto L. Rodriguez, Eagle Pass, TX, for Defendant–Appellant.

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM: *

Javier De La Pena appeals the 92–month sentence imposed by the district court, on remand, following his jury-trial conviction for possession of and importation of cocaine. He argues that the district court's consideration of facts that were neither admitted nor proven to a jury in calculating his guidelines sentence range violated the Sixth Amendment under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). As De La Pena was sentenced under an advisory guidelines scheme following the issuance of *Booker*, this argument is without merit. *See United States v. Johnson*, 445 F.3d 793, 798 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 2884, 165 L.Ed.2d 908 (2006).

De La Pena also argues that the district court's drug quantity determination was erroneous because it was not supported by a preponderance of the evidence. The district court adopted the factual findings and conclusions set forth in the presentence report (PSR). As the facts set forth in the PSR showed that De La Pena knew exactly where to go to purchase cocaine and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he did so, the inference that he bought more than he was commissioned to buy was permissible. *See United States v. Caldwell,* 448 F.3d 287, 290 (5th Cir.2006). Other than his own self-serving assertions, De La Pena offered no evidence to rebut the findings contained in the PSR. De La Pena has thus failed to show that the district court clearly erred in determining drug quantity for sentencing purposes. *See United States v. De Jesus–Batres,* 410 F.3d 154, 164 (5th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1022, 163 L.Ed.2d 865 (2006); *United States v. Londono,* 285 F.3d 348, 355 (5th Cir.2002); *United States v. Posada–Rios,* 158 F.3d 832, 878 (5th Cir.1998).

AFFIRMED.